James W. Deaderiok, Special J.,
delivered the opinion of the Court.
This is an action brought by the defendant in error, against the plaintiff in error, in the Circuit Court of *233 Greene County, to recover the amount paid to him by the said defendant in error, in consideration of the transfer to him of a paper writing, purporting to be a check or draft, dated January 17, 1858, drawn by Bradley, White & Co., upon Brown, Brothers & Co., in favor of Albert Merchant, and by him indorsed.
The plaintiff in error purchased this check of Albert Merchant, the payee, and subsequently sold it to the defendant in error, believing, no doubt, and representing, that it was a genuine instrument.' Upon presentation, however, it was dishonored, and no such firm as Bradley, White & Co., could be found; and becoming satisfied that it was a forged or fraudulent instrument, he instituted suit, as above stated, to recover the amount he had paid for said check. At the October Term, 1860, there was a verdict and judgment for the plaintiff, and the defendant appealed.
It is now insisted, by the plaintiff in error, that the Circuit Judge erred in refusing, upon the application and affidavits presented to the term at which the trial was had, to continue the cause. Cases might certainly arise, in which it would become the duty of this Court to interfere with and control the oppressive exercise of the large discretion committed to inferior Courts, in the conduct of cases tried before them. While every reasonable facility and opportunity should be extended to parties, in the preparation of their causes for trial, it is equally important to the public interest, that negligence and inattention to this object, should be discouraged.
*234 In this case, the record discloses that the cause was put at issue at the June Term, 1859, and was continued, on application of the defendant, at the February and June Terms, 1860; and that no effort was made to procure the attendance of witnesses, until a very short time before the October Term, 1860. Under these circumstances, we cannot say that the Circuit Judge erred in refusing to grant a continuance.
It is further Insisted, that the Circuit Judge erred in allowing the deposition of Charles J. McKinney to be read, it having been excepted to by defendant, for want of notice. Although the return upon the notice by the officer, which is in these words: “Executed this writ own the 18th of June, 1859,” is informal; yet the notice being addressed to defendant, and in other respects unexceptionable, we think the return sufficiently shows that the defendant was informed of the contents of the notice.
Plaintiff in error also insists, that the Circuit Judge should have excluded so much of the testimony of the witness, Powell, as details a conversation with the defendant in error. The counsel of the defendant in the Circuit Court, asked the witness for the declarations of the plaintiff, .in the first instance; and it is a well established principle of evidence, that a party having elicited, by his question, a part of the conversation of the adverse party, all the conversation which occurred at that time upon the subject, is admissible. It was correctly stated to the jury, that it was not *235 necessary to have Brown Brothers, or either of them, to prove that the check was forged; and, to establish this fact, they might look to all the testimony in the case. In this particular, as in all others, the charge is unexceptionable. The jury were satisfied, that the defendant below sold the check to the plaintiff, representing the same to be genuine; and, in fact, the act of transferring a negotiable instrument, guarantees its genuineness.
Upon a review of the whole case, we are satisfied there is no error in the record; and the judgment of the Circuit Court will be affirmed.